# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRYL TYRONE FOSTER,<br><br>                                Petitioner,<br><br>v.<br><br>KATHLEEN A. KENEALY, et al.,<br><br>                                Respondents. | Case No.: 17cv0019-AJB (JLB)<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

On January 3, 2017, Petitioner, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner challenged the restitution order entered following his August 31, 2006, conviction in San Diego County Superior Court Case No. SCD195407. (Id.) On January 6, 2017, the Court granted Petitioner leave to proceed in forma pauperis but dismissed the Petition without prejudice because Petitioner had not alleged that he was in custody in violation of the Constitution or laws or treaties of the United States as required to confer jurisdiction in this Court over his petition. (ECF No. 2 at 2, citing Bailey v. Hill, 599 F.3d 976, 982 (9th Cir. 2010) (stating that 28 U.S.C. § 2254(a) "does not confer jurisdiction over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence.").) Petitioner was granted leave to a First Amended Petition. (ECF No. 3.)

1 Petitioner has now filed a First Amended Petition in which he repeats his claim
2 challenging his restitution order, but adds a claim alleging the trial judge was biased. (ECF
3 No. 3 at 6.)

### PETITION BARRED BY GATEKEEPER PROVISION

This is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his August 31, 2006 conviction in San Diego County Superior Court Case No. SCD195407. On September 28, 2011, Petitioner filed in this Court a Petition for a Writ of Habeas Corpus in which he challenged his August 31, 2006 conviction in San Diego County Superior Court Case No. SCD195407. (See Pet. filed 9/28/11 [ECF No. 1] in So.Dist.Ca. Civil Case No. 11cv2270-LAB (WMC).) On August 26, 2013, this Court denied the petition on the basis that it was not filed within the one-year statute of limitations applicable to § 2254 habeas petitions. (See Order filed 8/26/13 [ECF No. 38] in So.Dist.Ca. Civil Case No. 11cv2270-LAB (WMC).) The Ninth Circuit Court of Appeals denied a Certificate of Appealability on November 20, 2013. (See ECF No. 42 in So.Dist.Ca. Civil Case No. 11cv2270-LAB (WMC).)

Petitioner is now seeking to challenge the same conviction and sentence he challenged in his prior federal habeas petition. The prior dismissal of his previous petition for failure to comply with the one-year statute of limitations renders subsequent petitions challenging the same conviction or sentence "second or successive" under 2244(b). McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). Unless a petitioner shows he or she has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. See 28 U.S.C. § 2244(b)(3)(A). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

### CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner

filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals.  ***The Clerk of Court is directed to mail Petitioner a blank Application for Leave to File a Second or Successive Petition Under 28 U.S.C. § 2254 or § 2255 together with a copy of this Order.***

     **IT IS SO ORDERED.**

Dated:  March 9, 2017

                                                 Hon. Anthony J. Battaglia
                                                 United States District Judge